Opinion of
the Court.
TO recover the possession of a tract of land held by Shain, Banks brought an action of ejectment against him in the circuit court.
Shain appeared and pleaded the general issue; a trial was had, and verdict and judgment recovered by Banks. Shain then exhibited his bill in equity, alleging a discovery of evidence since the trial at law, and praying for a new trial, &c. To this bill, Banks and a certain Ogden, who was alleged to have an interest the claim of Banks, were made defendants.
Both Banks and Ogden answered the bill, and the court pronounced the following decree: “ It is decreed and ordered, that a new trial be, and is hereby granted the complainant in the suit in ejectment in the bill mentioned, of John Doe on the demise of Henry Banks against the said John Shain; that the said cause be re-docketed, and set for hearing at the next April term; that the complainant pay the costs of the former trial, and the defendant, Banks, may have execution, &c. It is further decreed and ordered, that this cause be continued until the next term here,” &c.
The ejectment suit was accordingly re-docketed, and on petition to a circuit judge, the venue was changed from the Grayson circuit court, where the first trial was had, to the Butler circuit court. Another trial was finally had in the Butler circuit court, and a verdict found for Shain, and a judgment thereon render *452 ed against Banks. From that judgment Banks has appealed to this court.
By the assignment of errors the propriety and legal effect of the decree ordering a new trial of the issue at law is questioned. It is contended, that the court of chancery ought not to have peremptorily decreed a new trial, and that having done so, it was irregular in the court below to re-docket the suit at law, and proceed to a second trial of the issue. Were it competent, under any circumstances, for a court of chancery to set aside the judgment of a court of law, and grant a new trial, the decree to which we have referred ought not, we apprehend, to have that operation. If it should, the plaintiff in ejectment, the defendant in the chancery suit, might be involved in difficulties, from which it would not be easy to extricate him.
The decree purports to be the absolute grant of a new trial; but, at the same term, and after the decree was pronounced, the cause was continued. The chancery cause was, therefore, still depending, and the decree, though purporting to be peremptory, was in substance nothing more than an interlocutory order of the court. If, therefore, the decree was permitted to have the effect of setting aside the judgment first rendered in the ejectment cause, whilst the defendant would be concluded by it, he would be precluded from questioning the sufficiency of the grounds of the decree, in the court of revisal. He could not question the decree by an appeal or writ of error, because no appeal or writ of error will lie to an interlocutory decree; and he could not question it in the ejectment suit, because the suit in chancery is separate and distinct from that at law, and the proceedings in chancery form no part of the record of the suit at law. It is true, that after the court of chancery shall have pronounced a final decree, its propriety may be brought in review before the revising court; but before a final decree is pronounced, judgment might be recovered at law against the defendant, and a reversal of the decree in chancery could not operate as a reversal of the judgment at law. But we controvert the propriety of a court of equity, under any circumstances, making a peremptory decree ordering a judgment at law to be set aside and directing a new trial. Wherever, on the occurrence of events not within the control of a court of law, a new trial is ne *453 cessary to the administration of justice, it is not denied but courts of equity may enquire into the matter, and grant the appropriate relief; but in giving the relief, the mode to be pursued should be different from that adopted in the decree under consideration. Instead of setting aside the judgment at law, and granting a new trial, the chancellor ought, regularly, if in his opinion the circumstances of the case require a new trial, to compel the defendant to submit to a new trial, by operating on his person with the well known chancery process of injunction, attachment, sequestration, &c. Such were the means anciently employed by courts of equity to enforce their decrees, and we are aware of no statutory provision in this country, providing other means in cases where application is made to courts of chancery for new trials.
Decree reversed.